# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| Tyonna Saensinbandit, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | 3:18-cv-267 JWS |
| vs. | ) | ORDER |
| Alaska Airlines, Inc., | ) | [Re: Motion at docket 36] |
| Defendant. | ) | |

## I. MOTION PRESENTED

At docket 36 Defendant Alaska Airlines, Inc. (Defendant) filed a motion requesting sanctions against Plaintiff Tyonna Saensinbandit for admitted destruction of her Facebook account, which Defendant asserts is relevant evidence in this litigation. Plaintiff responded at docket 49, indicating that the Facebook account had been deactivated but not deleted and that Plaintiff has since provided the requested information. Defendant replied at docket 55, maintaining its request for sanctions or, alternatively, requesting that the court compel the production of additional withheld Facebook material. Plaintiff, with the court's permission, filed a sur-reply at docket 58. Both parties request attorneys' fees. Oral argument would not be of assistance to the court.

## II. BACKGROUND

Plaintiff was employed by Defendant as a customer service agent on June 19, 2017. Defendant terminated Plaintiff's employment on November 17, 2017. Plaintiff,

who is an African American, advances several claims against Defendant alleging that her treatment as an employee and her termination were the result of racial discrimination. Prior to filing suit, Plaintiff made a claim with the Equal Employment Opportunity Commission and received a right-to-sue letter.

Plaintiff's complaint pleads numerous claims. Her complaint alleges a violation of 42 U.S.C. § 1981. It also set out claims for racial discrimination based on a hostile work environment, termination of her employment, disparate treatment, and retaliation in violation of 42 U.S.C. §§2000e, *et seq*. The complaint also includes a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

In addition to the host of federal law claims, Plaintiff's complaint includes several state law claims for discrimination based on race in violation of AS 18.80.220(a)(1), together with a claim of retaliation in violation of AS 18.80.220(a)(3). She pleads a claim of discrimination based on disability in violation of AS 18.80.220(a)(1). Plaintiff alleges a claim of retaliation based on her making a wage-and-hour complaint in violation of state law. Plaintiff's next claim alleges a violation of the covenant of good faith and fair dealing implied in her employment contract. Finally, Plaintiff advances a claim for the intentional infliction of emotional distress.

### III. DISCUSSION

In May of 2019 Defendant sent discovery requests to Plaintiff, including two discovery requests seeking information and documents related to Plaintiff's Facebook records. Specifically, Defendant made the following requests for production:

<u>RFP No. 11</u>: Please produce all emails including, but not limited to, emails from your work and personal email addresses, . . . as well as any messages, blog entries, social networking entries and profiles (including,

-2-

but not limited to Facebook, MySpace, LinkedIn, Twitter, Snapchat, and Instagram), and similar documents maintained on any computer used by you (including, but not limited to, personal computers, laptops, iPads or other tablets, and phones) at any time between hire and the present that refer or relate to Alaska Airlines and/or any of its employees, or to any of the matters alleged in your Complaint.

RFP No. 12: Please produce your complete Facebook activity log and a complete printout of your Facebook timeline, as visible by you, from June 19, 2017 to present.

In July, Plaintiff responded to Defendant's requests. As to the first request, she objected to the request on privacy, relevancy, and overbreadth grounds, but then presumably indicated that she did not have responsive materials.[1] As to the second request, she objected on privacy and relevancy grounds, and then provided only the first page of her Facebook page as it existed on May 30, 2019, with the last post being made on May 28, 2019.[2]

Defendant objected to Plaintiff's responses, noting the perceived deficiencies. Plaintiff did not respond, and Defendant followed up on multiple occasions in July, August, and September to no avail. In mid-September, Plaintiff provided supplemental responses to other discovery requests, but not to the Facebook-related requests.[3] Around the closing of discovery, on October 14, 2019, Defendant deposed Plaintiff. During the deposition, Plaintiff indicated that she had deactivated her Facebook account

---

[1] "[H]owever, without waiving said objection, Plaintiff states that no additional emails provided in this discovery or has been provided to the Plaintiff by the Defendant in discovery." Doc. 37-2 at p. 4.

[2] Doc. 37-2 at p. 4.

[3] Doc. 37-5.

-3-

in May, shortly after Defendant had asked for the information.[4] She stated that she had conversations with a former employee, Jo Wayne Richards, about matters related to her employment and Alaska Airlines, although she was not sure if the conversations were through Facebook or not.[5] She also indicated during her deposition that she could retrieve the missing Facebook data.[6]

Shortly after the deposition, Defendant filed a request for sanctions based on spoilation of evidence. Defendant asserted that Plaintiff admittedly deleted her Facebook account after Defendant had made a request for such records and that Plaintiff had not yet retrieved the information as promised in the deposition.

Plaintiff filed a response indicating that the account was deactivated but not destroyed and that she had been able to access her account. Plaintiff's counsel indicated that after Plaintiff retrieved the account, she reviewed it herself and found only one piece of relevant correspondence. She nonetheless agreed to turn over Plaintiff's complete Facebook activity log and timeline. She asks that the court find the motion moot and award attorneys' fees based on what she believes was an avoidable and unwarranted request for sanctions.

In reply, Defendant argues that sanctions for spoilation are still appropriate, but alternatively asks that the court compel Plaintiff to turn over all of her private Facebook messages in response to RFP No. 11. Defendant argues the private Facebook

---

[4]Doc. 40-1 at p. 7.

[5]Doc. 40-1 at pp. 5, 8.

[6]Doc. 40-1 at p. 8.

messages are needed to confirm whether she had a conversation with Jo Wayne Richards through Facebook. Defendant also argues that Plaintiff's private messages are relevant to her emotional distress claims in that they would show she has in fact been engaging in social interactions or otherwise participating in everyday life activities.

After due consideration of the parties' positions and arguments, the court concludes that spoilation sanctions are unnecessary. While the court finds Plaintiff's deactivation of her Facebook account after discovery began troubling and acknowledges that it has caused unnecessary motion practice and more delays, the material has not, in fact, been lost or destroyed, and Plaintiff has since tuned over her complete Facebook activity log and timeline as requested.

As for Defendant's request that the court compel Plaintiff to turn over all of her private Facebook messages for its review, the court declines to do so. The argument that any and all emails and private messages sent to others, regardless of content, are relevant to show social engagement and lack of distress is excessive to the needs of the case. Such information is not crucial to resolving the emotional distress issue. Defendant's argument that all of her private messages should be turned over because Plaintiff testified at her deposition that she had a Facebook conversation with Jo Wayne Richards is not accurate. She testified that the conversation might have been through Facebook, but she could not remember.[7] Her declaration states that she has since reviewed her correspondence and confirmed that her conversations with him were

---

[7]Doc. 40-1 at pp. 5, 8.

-5-

through email.[8]  Therefore, private Facebook messages would not reveal the relevant conversation.  Plaintiff is, however, directed to provide that email conversation to Defendant if she has not already done so.

As for fees, much of this dispute could have been avoided with better responsiveness and client management by Plaintiff's counsel during the duration of discovery this past summer.  The Facebook information was not provided until after the close of discovery, after the court became informed of the situation, and after Plaintiff was threatened with the risk of sanctions.  Furthermore, Defendant had attempted to resolve the underlying discovery issue throughout the discovery period without adequate response from Plaintiff's counsel.  Consequently, Plaintiff's attorney is directed to pay Defendant's reasonable expenses incurred in filing the motion for sanctions and the reply.[9]

## **IV.  CONCLUSION**

The motion at docket 36 is GRANTED IN PART AND DENIED IN PART.  While sanctions are not warranted here, for the reasons stated above, Defendant is awarded attorneys' fees and expenses related to the filing of this motion, to be paid by Plaintiff's counsel.  Defendant shall file its request for expenses with 14 days of this order.

DATED this 15th day of December 2019.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[8] Doc. 50 at p. 2.

[9] Fed. R. Civ. P. 37(a)(5)(A).